**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FEDERATION OF ASSOCIATIONS IN BEHAVIORAL & BRAIN SCIENCES, *et al.*,

*Plaintiffs*,

v.

NATIONAL SCIENCE FOUNDATION, *et al.*,

*Defendants*.

Case No. 1:26-cv-15015-NMG

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A STAY UNDER 5 U.S.C. § 705 AND A PRELIMINARY INJUNCTION**

Upon consideration of Plaintiffs' Motion for a Stay Under 5 U.S.C. § 705 and a Preliminary Injunction, it is hereby ORDERED that the motion is ALLOWED:

1. Pursuant to 5 U.S.C. § 705, the decision of the National Science Foundation ("NSF") to close out the Directorate for Social, Behavioral, and Economic Sciences (the "Directorate"), announced to Directorate staff on or about April 3, 2026, and reflected in NSF's Fiscal Year 2027 Budget Request to Congress at R&RA 11 (the "Closure Decision"), is STAYED until the Court issues a final ruling on the merits of this case.

2. Defendants are ENJOINED from implementing, enforcing, or otherwise giving effect to the Closure Decision, and from taking further action to eliminate or wind down the Directorate pursuant to the Closure Decision.

3. Defendants shall immediately take all necessary steps to reverse any directive or action taken to implement or give effect to the Closure Decision, including directives to (a) decline to renew the contracts of the Directorate's rotating program officers; (b) reassign the Directorate's staff to other parts of NSF; (c) forgo program solicitations and other funding opportunities for the

Directorate; and (d) remove the Directorate from NSF's graduate and postdoctoral fellowship programs, so that the Directorate operates as it did before April 3, 2026.

4. Consistent with *NSF's Proposal and Award Policies and Procedures Guide,* NSF 24-1 (2024), https://perma.cc/LY55-TMXE, (the "PAPPG"), and with the practices NSF follows for its other research directorates, Defendants shall operate the Directorate so that it performs its ordinary functions, including by:

a. Promptly issuing program descriptions, program announcements, or program solicitations for the Directorate's research programs, PAPPG ch. I.C, that set the "target dates, deadlines, or submission windows," *id.* ch. I.F; making each funding opportunity "available for application for at least 60 calendar days," 2 C.F.R. § 200.204 (b) (2025); and continuing to "actively communicate opportunities and solicit proposals for social, behavioral, and economic science researchers to participate in cross-cutting and interdisciplinary programs," 42 U.S.C. § 19055(1);

b. Accepting proposals submitted to the Directorate, including proposals pending on or after April 3, 2026, and processing them under Chapter III of the PAPPG, so that each proposal is reviewed by "an NSF Program Officer, and usually by three to ten other persons outside NSF . . . who are experts in the particular fields represented by the proposal," PAPPG ch. III; is evaluated under "the intellectual merit and broader impacts criteria," 42 U.S.C. § 1862s(b); PAPPG III.A; and receives a recommendation from the Program Officer "to the cognizant NSF Division Director whether the proposal should be declined or recommended for award," PAPPG ch. III.E;

c. Promptly issuing a funding opportunity for the Directorate's Postdoctoral Research Fellowships and restoring the Directorate as a participating directorate in the Graduate Research Fellowship Program on the same terms as other directorates;

d. Reviewing under Chapter V of the PAPPG any application for renewal of a proposal the Directorate supported before April 3, 2026, PAPPG ch. V; and

e. Assigning to the Directorate the Program Officers, Division Director, and other required staff that Chapters III and IV of the PAPPG charge with reviewing proposals, making funding recommendations, and explaining declinations, *see* PAPPG chs. III.E, IV.C, to carry out this paragraph and the general statutory responsibilities in 42 U.S.C. §§ 1862(a)(1), 1862p, 1862u, 1862v, 1862w, 19055, 19056, 19066, and 19070.

5. Defendants may not return without review, decline, or hold any proposal on the basis of the Closure Decision. *See* PAPPG chs. III.A, IV.B.

6. Nothing in this Order requires Defendants to make or fund any particular award, or to obligate or spend any particular amount.

7. Within 24 hours of entry of this Order, Defendants shall provide notice of this Order to all their officers, agents, servants, and employees, and attorneys, and anyone acting in concert with them.

8. Within 72 hours of this Order, and every week thereafter until the Directorate is restored to the status quo prior to April 3, 2026, Defendants shall file a status report describing all the steps they have taken to comply with this Order.

9. This Order remains in effect until the Court issues a final ruling on the merits of this case or until further order of the Court.

SO ORDERED.

Dated: ____________, 2026

______________________________
Nathaniel M. Gorton
Senior United States District Judge